Taylor, J.
(concurring in part and dissenting in part). I agree with the majority’s conclusion that the Court of Appeals erred in ordering further proceedings regarding the grand jury records. I also agree with the majority that this Court exceeded its criminal procedure rulemaking authority in People v Duncan, 388 Mich 489; 201 NW2d 629 (1972), by creating a substantive right to a preliminary examination for grand jury indictees and that Duncan’s imple *290 menting court rules should be rejected. The fact that Duncan and MCR 6.112(B) are inconsistent with MCL 767.29 supports overruling Duncan and rejecting the implementing court rules.
However, unlike the majority, I would overrule Duncan and its implementing court rules prospectively. In my judgment, the prosecution was entitled to rely upon MCR 6.112(B), and file the information. Defendant’s subsequent waiver of a preliminary examination on the information purged any taint in the grand jury proceedings. Because the alleged taint was purged,[1] I find it unnecessary to reach the constitutional issues decided in part in of the majority opinion. Because I would reject MCR 6.112(B) and overrule Duncan prospectively, I cannot agree with the majority that this case stands in circuit court on the grand jury indictment rather than the information. Having waived a preliminary examination, defendant effectively conceded circuit court jurisdiction to hold him for trial by information.

 I believe this holding is consistent with Vasquez v Hillery, 474 US 254; 106 S Ct 617; 88 L Ed 2d 598 (1986), because the United States Supreme Court affirmed a lower court ruling that allowed defendant Hillery to stand trial, notwithstanding a discriminatorily empaneled grand jury, upon the filing of a “new charging document.” See Hillery v Pulley, 563 F Supp 1228, 1252 (ED Cal, 1983). Thus, even if defendant Glass’ grand jury was empaneled in a discriminatory fashion, Glass is in the same position as Hillery was, i.e., facing a charge under a new charging document.